IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

STELLA ELLIS                                                          PLAINTIFF

V.

KENNETH WHITE, DEAN POYNER,
JUSTON ROBERTSON, TERRY GRIFFIN,
GREG POLLAN, CALHOUN COUNTY SHERIFF'S               3:15-CV-123-MPM-SAA
DEPARTMENT, EARNEST FOX,
J.B. ROGERS, JR., GWIN LONGEST,
BARNEY J. WADE, TONY MORGAN,
CALHOUN COUNTY SUPERVISORS
LYNN RODGERS, HON. JUDGE JIMMY VANCE
HON. JUDGE MARK FERGUSON,
CALHOUN COUNTY                                                      DEFENDANTS

## COMPLAINT

COMES NOW, Stella Ellis, by and through her attorneys of record, Preston Ray Garrett and Jesse M. McRight III of the law firm Garrett, Friday and Garner, PLLC and respectfully files this, her *Complaint* and in support thereof would respectfully show unto this honorable Court as follows:

### NATURE OF ACTION AND JURISDICTION

#### I.

Stella Ellis brings this action against Defendants Kenneth White, Dean Poyner, Juston Robertson, Terry Griffin, Greg Pollan, Calhoun County Sheriff's Department, Earnest Fox, J.B. Rogers, Jr., Gwin Longest, Barney J. Wade, Tony Morgan, Calhoun County Supervisors, Lynn Rodgers, the Calhoun County Jail, Hon. Judge Jimmy Vance, Hon. Judge Mark Ferguson, and Calhoun County under 42 U.S.C. §1983 seeking damages and relief against Defendants for committing acts, under color of law, which resulted in the deprivation of a litany of Stella Ellis'

constitutionally protected rights by those entrusted with the protection and preservation of said rights, including but not limited to her 4th Amendment, 5th Amendment, 6th Amendment, and 14th Amendment.

II.

This case arises under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The relief sought is authorized by 42 U.S.C. §1983.

III.

Plaintiff did appeal her conviction to the Circuit Court of Calhoun County. Said conviction was overturned and the charges against her remanded to the file by the Circuit Court Judge after a bench trial.

IV.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1367 and 28 U.S.C. §1343.

V.

This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. §1391. All causes of action alleged herein arise from factual allegations occurring in this judicial district; evidence and records relevant to the allegations are maintained in this judicial district; all of the parties reside in this judicial district, and the Defendants were employed in this judicial district at the time of factual allegations pled herein.

**PARTIES**

VI.

1. That the Plaintiff herein is an adult resident citizen of Calhoun County, Mississippi and may be served with process through the office of her attorneys, Preston Ray Garrett and Jesse M.

McRight III at their usual business address of Garrett, Friday & Garner, PLLC 1205 Office Park Drive Suite B, Oxford, Mississippi 38655.

2. Defendant, Kenneth White, is an adult resident citizen of Calhoun County, Mississippi, was at all times material to the allegations in this *Complaint* acting in his capacity as a Sheriff's Deputy employed by Calhoun County, Mississippi, was acting under color of state law, and may be served with process of this Court at the address of 178 S Murphree St., Pittsboro, MS 38951.

3. Defendant, Dean Poyner, is an adult resident citizen of Calhoun County, Mississippi, was at all times material to the allegations in this *Complaint* acting in his capacity as a Sheriff's Deputy employed by Calhoun County, Mississippi, was acting under color of state law, and may be served with process of this Court at the address of 178 S Murphree St., Pittsboro, MS 38951.

4. Defendant, Juston Robertson, is an adult resident citizen of Calhoun County, Mississippi, was at all times material to the allegations in this *Complaint* acting in his capacity as a Sheriff's Deputy employed by Calhoun County, Mississippi, was acting under color of state law, and may be served with process of this Court at the address of 178 S Murphree St., Pittsboro, MS 38951.

5. Defendant, Terry Griffin, is an adult resident citizen of Calhoun County, Mississippi, was at all times material to the allegations in this *Complaint* acting in his capacity as a Sheriff's Deputy employed by Calhoun County, Mississippi, was acting under color of state law, and may be served with process of this Court at the address of 178 S Murphree St., Pittsboro, MS 38951.

6. Defendant, Greg Pollan, is an adult resident citizen of Calhoun County, Mississippi, was at all times material to the allegations in this *Complaint* acting in his capacity as a Sheriff of Calhoun County, Mississippi employed by Calhoun County, Mississippi, was acting under color of state law, and may be served with process of this Court at the address of 178 S Murphree St., Pittsboro, MS 38951

7.   Defendant, Calhoun County Sheriff's Department, is a political subdivision of Calhoun County, Mississippi for which Defendants Greg Pollan, Kenneth White, Dean Poyner, Juston Robertson, and Terry Griffin serve as members of the law enforcement community charged with the responsibility of upholding the laws of the State of Mississippi and protecting and serving the citizens of Calhoun County, Mississippi. The Calhoun County Sheriff's Department may be served with process of this Court at the address of 178 South Murphree Street, Pittsboro, Mississippi 38951.

8.   Defendant, Earnest Fox, is an adult resident citizen of Calhoun County, Mississippi, was at all times material to the allegations in this *Complaint* acting in his capacity as a Calhoun County Supervisor employed by Calhoun County, Mississippi, was acting under color of state law, and may be served with process of this Court at the address of P.O. Box 36, Pittsboro, MS 38951.

9.   J.B. Rogers, Jr. is an adult resident citizen of Calhoun County, Mississippi, was at all times material to the allegations in this *Complaint* acting in his capacity as a Calhoun County Supervisor employed by Calhoun County, Mississippi, was acting under color of state law, and may be served with process of this Court at the address of P.O. Box 36, Pittsboro, MS 38951.

10. Gwin Longest is an adult resident citizen of Calhoun County, Mississippi, was at all times material to the allegations in this *Complaint* acting in her capacity as a Calhoun County Supervisor employed by Calhoun County, Mississippi, was acting under color of state law, and may be served with process of this Court at the address of P.O. Box 36, Pittsboro, MS 38951.

11. Barney J. Wade is an adult resident citizen of Calhoun County, Mississippi, was at all times material to the allegations in this *Complaint* acting in his capacity as a Calhoun County

Supervisor employed by Calhoun County, Mississippi, was acting under color of state law, and may be served with process of this Court at the address of P.O. Box 36, Pittsboro, MS 38951.

12. Tony Morgan is an adult resident citizen of Calhoun County, Mississippi, was at all times material to the allegations in this *Complaint* acting in his capacity as a Calhoun County Supervisor employed by Calhoun County, Mississippi, was acting under color of state law, and may be served with process of this Court at the address of P.O. Box 36, Pittsboro, MS 38951.

13. Calhoun County Supervisors is a political subdivision of Calhoun County, Mississippi for which Defendants Earnest Fox, J.B. Rogers, Jr., Gwin Longest, Barney J. Wade, and Tony Morgan serve as Supervisors of Calhoun County, Mississippi. Calhoun County, Mississippi has established or delegated to each of the Supervisors the responsibility for establishing and implementing policies, practices, procedures, and customs used by employees of Calhoun County, Mississippi. Calhoun County Supervisors may be served with process of this Court at the address of P.O. Box 36, Pittsboro, MS 38951.

14. Lynn Rodgers is an adult resident citizen of Calhoun County, Mississippi, was at all times material to the allegations in this *Complaint* acting in her capacity as the Calhoun County Jail Administrator employed by Calhoun County, Mississippi, was acting under color of state law, and may be served with process of this Court at the address of 178 S. Murphree St., Pittsboro, MS 38951

15. Hon. Judge Jimmy Vance is an adult resident citizen of Calhoun County, Mississippi, was at all times material to the allegations in this *Complaint* acting in his capacity as a judge of the Calhoun County Justice Court employed by Calhoun County, Mississippi, was acting under color of state law, and may be served with process of this Court at the address of P.O. Box 7, Pittsboro, MS 38951.

16. Hon. Judge Mark Ferguson is an adult resident citizen of Calhoun County, Mississippi, was at all times material to the allegations in this *Complaint* acting in his capacity as a judge of the Calhoun County Justice Court employed by Calhoun County, Mississippi, was acting under color of state law, and may be served with process of this Court at the address of P.O. Box 7, Pittsboro, MS 38951.

17. Calhoun County is a political subdivision of the State of Mississippi for which each of the Defendants serve as employees. Calhoun County, Mississippi has established or delegated to each of the Defendants the responsibility for upholding and enforcing the laws of the State of Mississippi, as well as, the United States Constitution, serving and protecting the citizens of Calhoun County, and establishing and implementing policies, practices, procedures, and customs used by employees of Calhoun County, Mississippi. Calhoun County may be served with process of this Court at the address of P.O. Box 36, Pittsboro, MS 38951.

## FACTS

### VII.

That, as part of an ongoing dispute regarding property lines, Stella Ellis was involved in a dispute with her neighbor, Shirley Darlene White, when, on or about the 21st day of January, 2014 , Shirley Darlene White and her husband did drive their vehicle onto Stella Ellis' property.

### VIII.

That, upon being approached by Stella Ellis regarding their continuing to drive on her property, Shirley Darlene White did attack Stella Ellis.

IX.

That the entirety of said physical altercation was captured on security cameras installed on Stella Ellis' trailer, all of which record to a system which is located inside the trailer of Stella Ellis.

X.

That the recordings of the physical altercation between Stella Ellis and Shirley Darlene White show Shirley Darlene White forcing Stella Ellis to the ground, onto her back, and hitting Stella Ellis while standing over her.

XI.

That despite being previously advised by the Calhoun County Sheriff's Department that she would go to jail if she continued calling 911 and being previously advised by Hon. Judge Jimmy Vance that if she and Shirley Darlene White appeared before him again someone was going to jail, Stella Ellis did call 911 to report the incident to the Calhoun County Sheriff's Department.

XII.

That her portion of the conversation with the Calhoun County Sheriff's Office could be heard on the video recording whereupon Stella Ellis can be overheard informing the Calhoun County Sheriff's Office that she did not hit anyone.

XIII.

That three (3) Calhoun County Sheriff's Deputies did arrive at Stella Ellis' home in response to her call. Upon questioning Stella Ellis and Shirley Darlene White, the Calhoun County Sheriff's Deputies did take both Stella Ellis and Shirley Darlene White into custody with Kenneth White being the officer who arrested Stella Ellis.

XIV.

That the responding officers did not observe the physical altercation between Stella Ellis and Shirley Darlene White. Said fact was testified to by Kenneth White at Stella Ellis' trial in the Circuit Court of Calhoun County. Further, at no point did any of the reporting officers have a warrant for the arrest of Stella Ellis nor did they read Stella Ellis her Miranda rights.

XV.

That Stella Ellis did spend the night of January 21, 2014 in the custody of the Calhoun County Sheriff's Department at the Calhoun County Jail.

XVI.

That, on the very next morning, Stella Ellis was taken from the Calhoun County Jail to the Calhoun County Justice Court where she was tried on the merits of her case less than twenty-four (24) hours after being taken into custody by the Calhoun County Sheriff's Department.

XVII.

That, despite his having not witnessed any physical altercation between Stella Ellis and Shirley Darlene White and being told by Stella Ellis that she did not hit anyone, Kenneth White did swear to a General Affidavit on the 22nd day of January, 2014 alleging Simple Assault, pursuant to Miss. Code. Ann §97-3-7(1)(A), which stated that Stella Ellis "on or about January 21st 2014 in said County of Calhoun did willfully and unlawfully attempt to cause bodily injury to Shirley D. White by hitting Shirley D. White in the Nose on January 21, 2014 in Calhoun County." Shirley Darlene White also testified multiple times at Stella Ellis' trial before the Circuit Court of Calhoun County, Mississippi that she did not bring the charges against Stella Ellis.

XVIII.

That, on the basis of said *General Affidavit*, Honorable Judge Mark Ferguson did, on or about the 22nd day of January 2014, issue a *Justice Court Warrant* for the arrest of Stella Ellis on the charges of Simple Assault pursuant to Miss. Code Ann. §97-3-7(1)(A). It is presently unclear whether said warrant was issued prior to Stella Ellis' conviction on January 22nd, 2014.

XIX.

That at no point was Stella Ellis afforded the opportunity to contact an attorney to represent her, arrange for witnesses to be present to testify on her behalf, or gather evidence to present for her defense.

XX.

That, less than twenty-four (24) hours after her arrest, Stella Ellis was required to appear in the Justice Court of Calhoun County where she was convicted of Simple Assault by Honorable Judge Jimmy Vance.

XXI.

That Honorable Judge Jimmy Vance did, less than twenty-four (24) hours after her arrest, sentence Stella Ellis to six (6) months in the Calhoun County Jail with five (5) months suspended with thirty (30) days to serve plus five (5) months of probation, and a fine of three hundred thirty-six dollars and seventy-five cents ($336.75).

XXII.

That the *Justice Court Warrant* issued for Stella Ellis on the 22nd day of January, 2014 was returned as executed on the 28th day of January, 2014, being seven (7) days after her having been arrested and six (6) days after her having been convicted and sentenced by Honorable Judge

Jimmy Vance in the Calhoun County Justice Court with Stella Ellis having been in the physical custody of Calhoun County at all times since her arrest.

### XXIII.

That Stella Ellis was housed in the Calhoun County Jail in a pod designed for four (4) people which, with her presence, then housed five (5) people.

### XXIV.

That Stella Ellis was forced to sleep on the floor of the pod for the entire duration of her time in the Calhoun County Jail under the custody and supervision of the Calhoun County Sheriff's Department.

### XXV.

That after spending twenty-one (21) days in the custody of the Calhoun County Sheriff's Office at the Calhoun County Jail, Stella Ellis was approached by one of the officers who informed her that if she would pay her fine, she would be released from the Calhoun County Jail.

### XXVI.

That Stella Ellis did make arrangements to have her entire fine paid and was released from the Calhoun County Jail by the Calhoun County Sheriff's Office on the 12th day of February, 2014 after having spent twenty-one (21) days in their custody.

### XXVII.

That on or about the 19th day of February, 2014, Stella Ellis did, by and through her attorney, Preston Ray Garrett, file her *Notice of Appeal* with the Circuit Court of Calhoun County, Mississippi.

XXVIII.

That on or about the 30th day of April, 2015, Stella Ellis did appear before the Circuit

Court of Calhoun County, Mississippi where she appealed her January 22nd, 2014 conviction in

the Calhoun County Justice Court for Simple Assault at a trial de novo.

XXIX.

That Stella Ellis did prevail on appeal when her charges were remanded to the file upon

Hon. Judge Gregory's authority after his viewing the aforementioned security video which Stella

Ellis was prevented from showing at her trial before the Honorable Judge Jimmy Vance in the

Calhoun County Justice Court.

XXX.

That as a direct and proximate result of the conduct of the Defendants, Stella Ellis

suffered substantial damages including but not limited to emotional distress and harm,

embarrassment, financial losses, loss of liberty, and a deprivation of her constitutional rights.

XXXI.

That the actions of the Defendants deprived Stella Ellis of her liberty through the illegal

seizure of her person while also depriving her of her right to counsel, right to remain silent, right

to compulsory process, and right to due process.

XXXII.

That the actions of the Defendants deprived Stella Ellis of her liberty as well as the

aforementioned constitution rights with reckless indifference to the absence of a basis upon

which to imprison her and otherwise deprived her of her constitutionally protected rights.

## COUNT I - 4th and 14th AMENDMENT

### XXXIII.

Stella Ellis re-alleges and incorporates herein by reference the allegations set forth in paragraphs I-XXXII of this *Complaint*.

### XXXIV.

That the 4th Amendment to the United States Constitution grants United States citizens the right to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures and provides that no warrant shall be issued, but upon probable cause supported by oath or affirmation describing the place to be searched and the person or thing to be seized.

### XXXV.

That Kenneth White, in his role as a deputy of the Calhoun County Sheriff's Department did arrest Stella Ellis on the 21st day of January, 2014 without a warrant and without personally observing the physical altercation between Stella Ellis and Shirley Darlene White.

### XXXVI.

That, given Kenneth White's sworn testimony of how he did not observe the incident between Shirley Darlene White and Stella Ellis, he lacked any knowledge acquired from personal observation that would have granted him probable cause to justify arresting Stella Ellis or swearing to an affidavit for her arrest. As such, his arrest of Stella Ellis was in direct violation of the Fourth Amendment to the Constitution of the United States as applied to the individual states through the Fourteenth Amendment to the Constitution of the United States in that Kenneth White arrested Stella Ellis without probable cause to do so.

## XXXVII.

That Defendants violated the Fourth Amendment rights of Stella Ellis as applied to the individual states through the Fourteenth Amendment by arresting Stella Ellis without a valid arrest warrant and without personally observing any occurrence which would grant probable cause to arrest Stella Ellis.

## XXXVIII.

That, in committing or allowing the aforementioned acts or omissions, each Defendant violated Stella Ellis' 4th Amendment right, as applied to the individual states through the 14th Amendment, of protection from unreasonable searches and seizures which directly and proximately resulted in the injuries and damages to Stella Ellis as alleged herein.

## XXXIX.

That, in committing the aforementioned acts, each Defendant directly and proximately injured, damaged and caused Stella Ellis to suffer financial loss, emotional distress, and a deprivation of her constitutional rights.

## COUNT II - 5th and 14th AMENDMENT

## XL.

Stella Ellis re-alleges and incorporates herein by reference the allegations set forth in paragraphs I-XXXII of this *Complaint*.

## XLI.

That the 5th Amendment provides individuals with the right to remain silent in the face of questioning by those acting under the color of government authority.

XLII.

That at no point following her arrest was Stella Ellis afforded the opportunity to consult an attorney to represent her in the trial before the Justice Court of Calhoun County, Mississippi.

XLIII.

That not being granted the opportunity to hire an attorney forced Stella to surrender her 5th Amendment right to remain silent, as applied to the individual states through the 14th Amendment, in order to defend herself.

XLIV.

That, in committing the aforementioned acts or omissions, each Defendant violated Stella Ellis' Fifth (5th) Amendment, as applied to the individual states through the (14th) Amendment, right to remain silent which directly and proximately resulted in the injuries and damages to Stella Ellis as alleged herein.

XLV.

That, in committing the aforementioned acts, each Defendant directly and proximately injured, damaged and caused Stella Ellis to suffer financial loss, emotional distress, and a deprivation of her constitutional rights.

## COUNT III - 6th AMENDMENT & 14th AMENDMENT (COMPULSORY PROCESS)

XLVI.

Stella Ellis re-alleges and incorporates herein by reference the allegations set forth in paragraphs I-XXXII of this *Complaint*.

XLVII.

That the Sixth Amendment to the United States Constitution as applied to the individual states through the 14th Amendment guarantees the right to have compulsory process for obtaining witness in an individual's favor and to the present evidence in their defense.

XLVIII.

That Stella Ellis, at all times during the proceedings in the Justice Court of Calhoun County, Mississippi, was in possession of a video recording which revealed the altercation in its entirety and would have resulted in her acquittal by the Justice Court of Calhoun County, Mississippi were she not prohibited from doing so by each of the Defendants. This video was primarily responsible for her prevailing at trial before the Circuit Court of Calhoun County, Mississippi as Hon. Judge Gregory, after viewing said video, commented that a different person would likely have gone to jail had the video been shown in the proceedings in Justice Court.

XLIX.

That Stella Ellis did attempt to make known the presence of said video, informing Hon. Judge Jimmy Vance of the presence of said video and requesting permission to have it brought to court.

L.

That Stella Ellis was prohibited by Judge Jimmy Vance from having said video brought to and shown before the Court.

LI.

That, as a direct and proximate result of her inability to present said video as evidence in her defense, Stella Ellis was convicted of Simple Assault and spent twenty-one (21) days in the Calhoun County Jail in the custody of the Calhoun County Sheriff's Department.

### LII.

That, in committing the aforementioned acts or omissions, each Defendant violated Stella

Ellis' 6th Amendment right, as applied to the individual states through the 14th Amendment, right

to compulsory process, which directly and proximately resulted in the injuries and damages to

Stella Ellis as alleged herein.

### LIII.

That, in committing the aforementioned acts, each Defendant directly and proximately

injured, damaged and caused Stella Ellis to suffer financial loss, emotional distress, and a

deprivation of her constitutional rights.

## COUNT IV - 6th AMENDMENT & 14th AMENDMENT (RIGHT TO COUNSEL)

### LIV.

Stella Ellis re-alleges and incorporates herein by reference the allegations set forth in

paragraphs I-XXXII of this *Complaint*.

### LV.

That the 6th Amendment, as applied to the individual states through the 14th Amendment,

provides that a criminal defendant has the right to be represented by counsel. See *Scott v. Illinois,*

440 U.S. 367, 373-374 (U.S. 1979) ("We therefore hold that the Sixth and Fourteenth

Amendments to the United States Constitution require only that no indigent criminal defendant

be sentenced to a term of imprisonment unless the State has afforded him the right to assistance

of appointed counsel in his defense.") See also *United States v. Eckford,* 910 F. 2d 216, 218 (5th

Cir. Miss 1990) ("conviction of an uncounseled criminal defendant is constitutionally

permissible, so long as the defendant is not sentenced to a term of imprisonment.") 18 U.S.C.

§3581(b)(7) (authorized terms of imprisonment include sentences of not more than six months for misdemeanors).

### LVI.

That at no point prior to or during the proceedings in the Justice Court of Calhoun County, Mississippi was Stella Ellis afforded the opportunity to hire an attorney nor was counsel appointed by the Court to represent her.

### LVII.

That, in committing the aforementioned acts or omissions, each Defendant violated Stella Ellis' 6th Amendment right to counsel, as applied to the individual states through the 14th Amendment, which directly and proximately resulted in the injuries and damages to Stella Ellis as alleged herein.

### LVIII.

That, in committing the aforementioned acts, each Defendant directly and proximately injured, damaged and caused Stella Ellis to suffer financial loss, emotional distress, and a deprivation of her constitutional rights.

### COUNT V - 14th AMENDMENT

### LIX.

Ellis re-alleges and incorporates herein by reference the allegations set forth in paragraphs I-XXXII of this *Complaint*.

### LX.

That the 14th Amendment to the United States Constitution provides that no person is to be deprived of life, liberty, or property without due process of law.

LXI.

That said due process requires that any decision regarding the deprivation be made by a neutral decision maker.

LXII.

That Hon. Judge Jimmy Vance was biased against Stella Ellis and predisposed to convict and imprison her, having previously told her and Shirley Darlene White that if one of them appeared before him again, someone was going to jail.

LXIII.

That, at all times relevant to this *Complaint*, Hon. Judge Jimmy Vance and the Calhoun County Justice Court acted outside of their jurisdiction in that they lacked jurisdiction over Stella Ellis due to an invalid Justice Court Warrant being issued based upon an invalid general affidavit sworn to by Kenneth White who, as testified on appeal, did not personally witness any of the events which led to the Calhoun County Sheriff's Department dispatching three (3) deputies to the scene of the incident.

LXIV.

That Hon. Judge Jimmy Vance, while acting outside of his jurisdiction, did convict and sentence Stella Ellis of Simple Assault based upon an invalid warrant issued based upon an invalid affidavit sworn to by Kenneth White who did not personally observe the altercation serving as the basis for the charges. Further, said warrant was not returned as executed until approximately one (1) week after Hon. Judge Jimmy Vance convicted Stella Ellis. See *Wilcox v. Williamson*, 61 Miss. 310, 313 (Miss. 1883) ("the general rule laid down is that the judge is not liable when he acts within, but is liable when he acts without, his jurisdiction").

LXV.

That as a direct and proximate result of the bias of Hon. Judge Jimmy Vance, Stella Ellis

was convicted of simple assault by Hon. Judge Jimmy Vance and sentenced to six (6) months in

the Calhoun County Jail with five (5) months suspended and thirty (30) days to serve after his

refusing the allow her to hire an attorney or collect and present evidence in her defense.

LXVI.

That, in committing the aforementioned acts, each Defendant directly and proximately

injured, damaged and caused Stella Ellis to suffer financial loss, emotional distress, and a

deprivation of her constitutional rights.

## COUNT VI - FAILURE TO IMPLEMENT APPROPRIATE POLICIES, CUSTOMS AND PRACTICES

LXVII.

Stella Ellis re-alleges and incorporates herein by reference the allegations set forth in

paragraphs I-XXXII of this *Complaint*.

LXVIII.

That Defendant, Greg Pollan, in his capacity as Sheriff of Calhoun County, Mississippi,

Defendants Earnest Fox, J.B. Rogers, Jr., Gwin Longest, Barney J. Wade, Tony Morgan,

individually and in their official capacity, the Calhoun County Board of Supervisors, and

Calhoun County implicitly or explicitly adopted and implemented careless and reckless policies,

customs, or practices, that included, among other things, permitting the Calhoun County

Sheriff's Department to advise law-abiding citizens that they would go to jail if they called 911

to report crimes committed against their person and / or property, allowing employees of the

Calhoun County Sheriff's Department to violate the laws of the State of Mississippi, permitting a

Justice Court Judge to inform an individual that they would go to jail if they appeared before him

again, allowing a Sheriff's Deputy to swear to facts which were not personally witnessed, obtaining a warrant for an individual's arrest the same day of their trial, signing an Officer's Return on a *Justice Court Warrant* swearing that "I have this day executed the within writ by personally arresting" six (6) days after a suspect being sentenced to serve time in jail, forcing a sixty-four (64) year old woman to sleep on the floor in an pod which was filled beyond capacity for twenty-one (21)days, and to violate the 4th, 5th, 6th, and 14th Amendment rights of a citizen of the United States.

LXIX.

That Defendant, Greg Pollan, in his capacity as Sheriff of Calhoun County, Mississippi, Defendants Earnest Fox, J.B. Rogers, Jr., Gwin Longest, Barney J. Wade, Tony Morgan, individually and in their official capacity, the Calhoun County Board of Supervisors, and Calhoun County implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, the allowing of employees of the Calhoun County Sheriff's Department to arrest an individual at the scene of an alleged crime without reading them their Miranda rights and interrogating said individual while driving them to the Calhoun County Sheriff's Office and County Jail.

LXX.

That the failure of Defendant, Greg Pollan, and Defendant Earnest Fox, J.B. Rogers, Jr., Gwin Longest, Barney J. Wade, Tony Morgan, individually and in their official capacity, the Calhoun County Board of Supervisors, and Calhoun County to adequately train and supervise Defendants Kenneth White, Dean Poyner, Juston Robertson, and Terry Griffin amounts to deliberate indifference to the rights of Stella Ellis to be free from unreasonable seizure under the Fourth (4th) and Fourteenth (14th) Amendments to the Constitution of the United States, a

violation of the right to remain silent under the Fifth (5th) and Fourteenth (14th) Amendments to

the Constitution of the United States, a violation of the right to an attorney and compulsory

process under the Sixth (6th) and Fourteenth (14th) Amendments to the Constitution of the United

States, and a violation of the right to due process under the Fourteenth (14th) Amendment to the

Constitution of the United States. *Langford v. Union County,* 2002 U.S. App. LEXIS 29631, 15

(5th Cir. Miss. Oct. 18, 2002) (With regard to an "official policy" being a "cause in fact", it

suffices for plaintiff to allege failure to adopt a policy if the need to take some action to control

the agents of the local government entity is so obvious and the inadequacy of existing practice so

likely to result in the violation of constitutional rights, that the policy maker ... can be

reasonably said to have been indifferent to the need.)

LXXI.

That as a direct and proximate result of this deliberate indifference to Stella Ellis' rights,

she suffered financial loss, emotional distress, and a deprivation of her constitutional rights.

WHEREFORE PREMISES CONSIDERED, Stella Ellis respectfully prays this honorable

Court grant her the following relief:

1. That process issue to the Defendants and that they be required to answer in the time allowed
by law.

2. That judgment be rendered in favor of Stella Ellis and against the Defendants on all causes of
action asserted herein.

3. That she be awarded those damages to which it may appear she is entitled by the proof

submitted in this cause for the violation of her rights as guaranteed her by the United States

Constitution.

4. That she be awarded punitive damages against the Defendants.

5. That she be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

6. That she receive any other further and general relief to which it may appear she is entitled.

7. A jury for the trial of this matter.

RESPECTFULLY SUBMITTED this the 21st day of _____July_____, 2015.


_____
STELLA ELLIS

Prepared and Submitted by:

_____
PRESTON RAY GARRETT
JESSE M. MCRIGHT III
Attorneys for Stella Ellis
Garrett, Friday and Garner, PLLC
1205 Office Park Drive, Ste. B
Oxford, MS 38655
Telephone: 662-281-0438
Facsimile: 662-281-0439
Email: ray@garrettfridayandgarner.com
Email: ray@garrettfridayandgarner.com
Mississippi State Bar No.: 10186
Mississippi State Bar No.: 14518

STATE OF MISSISSIPPI

COUNTY OF LAFAYETTE

This day personally appeared before me, the undersigned authority in and for the jurisdiction aforesaid, the within named Stella Ellis, who acknowledged that he signed, sealed and delivered the above and foregoing *Complaint* on the day and year and for the purposes therein appearing.

SWORN TO AND SUBSCRIBED BEFORE ME, this the 21 day of

July , 2015.

NOTARY PUBLIC

My Commission Expires:
Aug 26, 2016