IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**STELLA ELLIS**                                                                                     **PLAINTIFF**

vs.                                                           CAUSE NO. 3:15-CV-123-MPM-SAA

**KENNETH WHITE, DEAN POYNER,
JUSTON ROBERTSON, TERRY GRIFFIN,
GREG POLLAN, CALHOUN COUNTY SHERIFF'S
DEPARTMENT, EARNEST FOX,
J.B. ROGERS, JR., GWIN LONGEST,
BARNEY J. WADE, TONY MORGAN,
CALHOUN COUNTY SUPERVISORS,
LYNN ROGERS, HON. JUDGE JIMMY VANCE,
HON. JUDGE MARK FERGUSON,
CALHOUN COUNTY**                                      **DEFENDANTS**

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OR ABSTAIN**

      **NOW COME** Defendants **CALHOUN COUNTY** [official capacity defendant], **FOX, ROGERS, MORGAN, LONGEST, WADE** [current members of the Calhoun County Board of Supervisors, sued individually and as duplicate official capacity defendants], **CALHOUN COUNTY JUSTICE COURT JUDGES JIMMY VANCE AND MARK FERGUSON** [sued in their official capacity], **CALHOUN COUNTY SHERIFF'S DEPARTMENT** [not a proper entity under 42 U.S.C. §1983], **SHERIFF GREG POLLEN** [sued in his official capacity], **CALHOUN COUNTY DEPUTY SHERIFFS JUSTIN ROBERTSON, TERRY GRIFFIN, LYNN ROGERS, DEAN POYNER** and **KENNETH WHITE** [sued in their official capacity] and respectfully submit their supporting authorities showing that the instant case should be dismissed pursuant to *Fed. R. Civ. Proc.* Rule 12 (b)(6) or dismissed by abstention in favor of the first filed

state court claim by this same Plaintiff against these same Defendants arising from the same incident, to wit:

**1. BACKGROUND:** This incident arises from a continuing saga over a boundary line in a Calhoun County trailer park. The subject of this litigation is an arrest which occurred in Calhoun County, Mississippi, on January 21, 2014. On July 22, 2015, Plaintiff filed suit in the Circuit Court of Calhoun County regarding the same incident on state law tort claims only, without reserving her federal claims.[1] On July 28, 2015, Plaintiff filed the instant suit in the Northern District of Mississippi, seeking actual and punitive damages pursuant to 42 U.S.C. §1983 and attorney fees pursuant to 42 U.S.C. §1988.

### A. PARTIES

| Name | Capacity |
|---|---|
| Earnest Fox | Supervisor |
| J.B. Rogers | Supervisor |
| Tony Morgan | Supervisor |
| Gwin Longest | Supervisor |
| Barney Wade | Supervisor |
| Kenneth White | Deputy |
| Dean Poynor | Deputy |
| Justin Robertson | Deputy |
| Lynn Rogers | CCSO Jail Administrator |
| Terry Griffin | Deputy |
| Mark Ferguson | Justice Court Judge |

---

[1]STATE COURT COMPLAINT, Exhibit A.

| Jimmy Vance | Justice Court Judge |
|---|---|
| Greg Pollan | Calhoun County Sheriff |
| Calhoun County BOS | Duplicate Official Party |
| Calhoun County | Duplicate Official Party |
| Calhoun County SO | Duplicate Official Party |

B. TIME LINE

| | |
|---|---|
| Arrest | January 21, 2014 |
| Arraignment | January 22, 2014 |
| Conviction | January 22, 2014 |
| Appeal with Bond | February 19, 2014 |
| Notice of Claim | January 16, 2015 |
| Case Remanded to File | April 30, 2015 |
| State Complaint | July 22, 2015 |
| Federal Complaint | July 28, 2015 |

C. RELIEF SOUGHT

The relief sought in both causes of action is the same.

**2. DISMISSAL STANDARD:** The Court is familiar with the standard for motions to dismiss under *Fed. R. Civ. Proc*. Rule 12 (b)(6).

> To survive dismissal pursuant to Rule 12(b)(6), plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Our task, then, is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of

3

success."[2]

### 3. SUMMARY OF PREMISE SUPPORTING DISMISSAL:

**A) SUPERVISORS & BOARD OF SUPERVISORS:** The individual involvement alleged is tied to enacting law enforcement policy and procedure.[3] [Doc #1, ¶LXX]. Such functions, if any, arise from the Supervisors duties and are immune as well.[4] Their addition as duplicate policy makers is improper.[5]

**B) DEPUTIES & SHERIFF:** Plaintiff's claims are within course and scope under state law and addressed there.[6] Plaintiff's parallel federal law claims are overly vague, leave issues of individual participation,[7] and are subject to the long-standing arguable probable cause standard under the 4th Amendment.[8]

---

[2] Doe ex rel. Magee v. Covington School Dist. ex rel. Keys, 675 F. 3d 849 (5th Cir. 2012) (internal citations omitted).

[3] Page v. Starks, 2015 U.S. Dist. LEXIS 98905 (Dismissing duplicate official parties.).

[4] Thomas v. City of Dallas, 175 F.3d 358, 362 (5th Cir. Tex. 1999)(Absolute immunity extends to agency or board officials performing functions that are quasi-judicial in nature.).

[5] See Smith v. Turner, 2008 U.S. Dist. LEXIS 101175 (finding that a 1983 claim against an officer in his official capacity "is tantamount to a claim against the municipality itself.").

[6] Under the Mississippi Tort Claims Act, claims against a governmental entity for the acts or omissions of their officials within the course and scope of their respective positions are subject to viable defenses under applicable immunity for: 1) negligence by its sworn law enforcement officers; 2) failure to train, supervise, or discipline law enforcement officers; 3) for an injury to a person who was a detainee at the time of an alleged injury; or 4) judicial acts. *See Miss. Code. Ann*. § 11-46-9(1)(a), (b), (c), (d), and (m). Plaintiff also includes a time-barred intentional tort claim and a statutory direct action theory which has little likelihood of success because the statute in question is does not afford direct action.

[7] Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)("A supervisory government official such as the board members and sheriff "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id.).

[8] If an officer has arguable probable cause to arrest, he is entitled to qualified immunity. Brown v. Lyford, 243 F.3d 185, 190 (5th Cir. 2001). In sum, "an officer's entitlement to qualified immunity based on probable cause is difficult for a plaintiff to disturb". Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743 (5th Cir. La. 2001)(citing Brown, 243 F.3d at 190, n.7).

**C) JUDGES:** Plaintiff's claims are within course and scope under state law and addressed there.[9] The state forum provides an opportunity to address these issues immediately.[10] A clear issue of judicial immunity arises under federal law, as these are sitting judges acting within their subject matter jurisdiction.[11] Plaintiff's 6th and 14th Amendment claims are clearly subject to this immunity. Plaintiff's 5th Amendment Claim again fails for want of a federal actor.[12]

**D) CALHOUN COUNTY:** All other named official defendants are duplicate and unnecessary. Plaintiff conceded that all acts of Defendants were done within course and scope, but makes a vague reference to acting "individually" at Doc #1, ¶LXX. Plaintiff failed to plead a constitutional violation or a custom or practice whose moving force is the constitutional violation.

**4. AUTHORITY SUPPORTING DISMISSAL:**

**PREMISE** :   This case presents an invitation to the United States District Court for the Northern District Mississippi to intervene in a Calhoun County trailer park boundary line dispute - it presents no issue of unconstitutional policy or practice, no denial of "fair" access to the judicial system and and fails as to the individual officer because (a) arguable probable cause exists on the face of the complaint; and (b) an independent intermediary acting within the scope of his office found probable cause to exist.

Under § 1983, imposing municipal liability requires (1) a policymaker, (2) an official policy, and (3) a violation of constitutional rights whose "moving force" is the policy or

---

[9] See *Miss. Code. Ann*. §  11-46-9(1)(a).

[10] See Id.

[11] Sowers v. Darby, 2009 U.S. Dist. LEXIS 21567 (N.D. Miss. Mar. 17, 2009)(Creative arguments notwithstanding, the defendant judge was engaged "in the performance of duties normally prescribed to judges[,]" leaving no legitimate argument that he was not acting within his judicial capacity. The court further noted that "[i]f someone believes a judge has acted either contrary to or in excess of his authority, the primary remedy is to file a complaint with the Mississippi Commission on Judicial Performance.").

[12] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

custom.[13] Section 1983 precludes municipal liability based on respondeat superior,[14] such that alleged unconstitutional conduct must be directly attributable to the municipality by some sort of official action.[15] Further, isolated incidents of unconstitutional actions will almost never trigger municipal liability.[16] Rather, a plaintiff must demonstrate a policy or custom attributable to the municipality which was the moving force behind the alleged constitutional violation.[17] Official policy is normally found in promulgated policy statements, ordinances, or regulations, but may also be evidenced by a custom.[18]

### A) Plaintiff's claims against the Calhoun County Board of Supervisors and Calhoun County Sheriff's Department are improper.

Plaintiff erroneously named the Calhoun County Board of Supervisors and Calhoun County Sheriff's Department as defendants. Federal courts (and the U.S. Supreme Court) have long recognized that sheriff departments and boards of supervisors are not political subdivisions or legal entities in and of themselves, but instead are merely departments of the county in which they sit, and therefore cannot be proper parties in any action.[19] In this case,

---

[13] Monell v. Dep't of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978).

[14] Board of Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997).

[15] Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001), cert. denied, 534 U.S. 820, 122 S. Ct. 53, 151 L. Ed. 2d 23 (2001).

[16] Bennett v. City of Slidell, 728 F. 2d 762, 768 n. 3 (5th Cir. 1984), cert. denied, 472 U.S. 1016, 105 S. Ct. 3476, 87 L. Ed. 2d 612 (1985).

[17] Gonzalez v. Ysleta Indep. Sch. Dist., 996 F.2d 745, 753-54 (5th Cir. 1993)).

[18] Piotrowski v. City of Houston, 237 F.3d at 579.

[19] See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

while Plaintiff named the Calhoun County Board of Supervisors and Sheriff's Department as party defendants, they are not political subdivisions of Mississippi, but instead are part of Calhoun County. As such, naming them defendants is improper, and the Court should dismiss them with prejudice.

> **B) Plaintiff failed to state any cognizable claims against the individually-named Defendants.**

In her Complaint, Plaintiff recognizes that all individual-named defendants were "at all times material to the allegations in [her] Complaint" acting in their official capacities —not individual capacities.[20] Under well-established Fifth Circuit precedent, a plaintiff's claims against official-capacity defendants are construed as claims against their parent municipality.[21] In this case, each named official-capacity defendant is duplicative —the County is the proper party—and therefore they should be dismissed with prejudice; however, assuming *arguendo* that Plaintiff brings claims against the defendants in their individual capacities, her claims still fail because the individual defendants are immune from suit.

> **i) Calhoun County Sheriff's Department Defendants**

In this case, the only CCSO-affiliated defendants that Plaintiff arguably seeks to impose

---

[20] While Plaintiff sues each defendant officially under the Complaint [Doc #1, ¶VI 2-12], the term "individually" is also used in connection with Plaintiff's allegations of a policy omission by the Sheriff and members of the Board of Supervisors [Id., ¶LXX]. In an abundance of caution, Defendants will address individual-capacity immunities as Plaintiff named Deputies Rodgers, Poyner, Griffin, and Robertson as defendants, but failed to plead any facts giving rise to a claim against them individually or list such a claim.

[21] Brooks v. George County, Miss., 77 F. 3d 834, 841 (5th Cir. 1996).

liability upon individually are Sheriff Pollan and Deputy White;[22] however, Pollan and White are entitled to qualified immunity. The test for qualified immunity is a two-part inquiry. First, the trial court must determine whether the facts alleged are sufficient to make out a constitutional violation.[23] If the facts are insufficient, the inquiry ends; but if the plaintiff sufficiently pleads a violation, the court must then determine whether the right at issue was clearly established at the time of the alleged misconduct.[24] "[W]hile the sequence set forth [in Saucier] is often appropriate, it should no longer be regarded as mandatory . . . [judges] should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."[25] The Fifth Circuit has expounded on Saucier and Pearson, explaining that the second prong of the analysis "is better understood as two separate inquiries: whether the allegedly violated constitutional right [was] clearly established at the time of the incident; and if so, whether the conduct of the defendant was objectively unreasonable in light of then clearly established law."[26]

In her Complaint, Plaintiff identifies two instances supporting an alleged constitutional

---

[22] As discussed in footnote 20, although Plaintiff named Rodgers, Poynor, Griffin, and Robertson as Defendants, she failed to articulate how they were involved in the alleged constitutional violation, or identify a claim against them.

[23] Saucier v. Katz, 533 U.S. 194, 201 (2001).

[24] Id.

[25] Pearson v. Callahan, 555 U.S. 223, 236.

[26] Tarver v. City of Edna, 410 F.3d 745, 750 (5th Cir. 2005) (internal quotation marks and citations omitted).

violation as to Pollan and White: 1) her arrest without White witnessing an act of violence (Count I); and 2) White's inadequate training under Pollan's supervision (Count VI). Despite Plaintiff's allegations (and the remainder of her counts), the linchpin of her complaint rests on her lawful arrest by Deputy White. As such, the Court need only look to the circumstances giving rise to Plaintiff's claims, as admitted in her Complaint.

Mississippi Code § 99-3-7(1) provides in relevant part that a law enforcement officer may arrest any person without warrant for an indictable offense committed threatened or attempted in his presence.[27] Even if the Court were to find that Deputy White violated the statute, violations of state law by themselves are not unconstitutional.[28] "Simply, an officer has authority under federal law to arrest a suspect without a warrant *if probable cause exists to believe the suspect has committed*, or is committing a crime."[29] Here, Plaintiff admits to a physical altercation with her neighbor, Shirley White. After responding to Plaintiff's 911 call and observing the scene, Deputy White acquired the requisite probable cause to believe that a crime occurred, and so arrested Plaintiff and her neighbor —an arrest objectively reasonable

---

[27] Plaintiff attempts to cloud the issue of probable cause by focusing on White's absence during the actual physical altercation; however, she overlooks that she communicated her involvement in the altercation to White, which is tantamount to a confession. Under Mississippi law, "where an officer obtains sufficient facts to establish the corpus delicti of a crime, and he additionally obtains a confession, the "presence" requirement of Section 99-3-7 has been met and the officer may arrest the individual for a misdemeanor crime." Bayse v. State, 420 So. 2d 1050 (Miss. 1982). See also Gregg v. State, 474 So. 2d 1301 (Miss. 1979).

[28] See Miller v. Carson, 563 F. 2d 757, 760 n. 7 (5th Cir. 1977) (citing Screws v. U.S., 325 U.S. 91, 108-09 (1945).

[29] Pittman v. Cooksey, 2010 U.S. Dist. LEXIS 8280 (citing U.S. v. Amerndariz-Mata, 949, F. 2d 151, 153 (5th Cir. 1991) (emphasis added).

under federal law.[30] While Plaintiff alleges that White's absence during actual physical altercation precludes a probable cause determination, such allegations do not give rise to a Fourth Amendment violation, particularly where a reasonable officer could believe that probable cause existed under the facts of this case, and therefore Plaintiff cannot overcome qualified immunity.[31]

Additionally as to Plaintiff's Count VI (a tandem failure to implement policies and failure to supervise claim) against Sheriff Pollan, in his official capacity, he is a duplicative defendant —the County is the proper party defendant. In his individual capacity, although Plaintiff alleges an unconstitutional policy, she failed to allege a pattern or series of incidents of unconstitutional conduct or a clear constitutional duty to take action because the situation was certain to occur,[32] nor did she plead a policy so deficient that it amounts to a deliberate indifference which was the proximate cause of the alleged constitutional violation.[33]

**ii)    Judges**

Judges Vance and Ferguson enjoy absolute immunity from Plaintiff's claims. Judges enjoy absolute immunity from liability for their judicial acts or "in the exercise of their judicial

---

[30] See Hall v. City of Vicksburg, 2001 U.S. App. LEXIS 31804.

[31] This position is further buttressed by two independent determinations that probable cause existed to issue a warrant and maintain charges against Plaintiff, by Judge Ferguson and Judge Vance, respectively. Based on their determination of probable cause, the independent intermediary doctrine shields the individual sheriff's department defendants from liability. See Strickland v. City of Crenshaw, 2015 U.S. Dist. LEXIS 96478 (N.D. Miss. July 20, 2015.

[32] See City of Canton v. Harris, 489 U.S. 378, 389 (1989).

[33] Id.

functions."[34] A judge's acts are judicial if they are "normally performed by a judge and the parties affected dealt with the judge in his judicial capacity."[35] "Where a judge has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes."[36] Allegations of bad faith or malice are not enough to overcome absolute immunity,[37] nor are allegations that he acted in error or was in excess of his authority.[38]

Mississippi Code § 99-33-1 explains that justice courts maintain subject matter jurisdiction "concurrent with the circuit court of the county over all crimes occurring in the county whereof the punishment prescribed does not extend beyond a fine and imprisonment in the county jail." In this case, Judges Ferguson and Vance acted within their jurisdiction. Ferguson acted within his jurisdiction by serving as an independent intermediary to determine whether probable cause existed to execute an arrest warrant against Plaintiff, while Vance acted within his subject matter jurisdiction by presiding over a misdemeanor crime.[39]

---

[34] Boyd v. Biggers, 31 F. 3d 279, 284 (5th Cir. 1994).

[35] Id. at 285.

[36] Malina v. Gonzales, 994 F. 2d 1121, 1124 (5th Cir. 1993).

[37] Id. at 1125.

[38] See Davis v. Bayless, 70 F. 3d 367, 373 (5th Cir. 1995) ("For purposes of immunity the judge's jurisdiction is construed broadly and a judge is not deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (internal citations omitted).

[39] To the extent that Plaintiff alleges state law claims, the MTCA shields Judges Ferguson and Vance from liability because they were acted within the course and scope of their job duties as government employees. See Roderick v. City of Gulfport, 144 F. Supp. 2d 622 (S.D. Miss. 2000); Conrod v. Holder, 825 So. 2d 16 (Miss. 2002).

    **iii)    Supervisors**

In this case, the individually named supervisors are entitled to qualified immunity because Plaintiff did not adequately allege that they personally participated in any of the actions alleged in the Complaint, nor that they exhibited deliberate indifference to Plaintiff's arrest, trial, and subsequent detention. In Mississippi, a county board of supervisors acts in an official capacity, such that any neglect or failure in the discharge of duties rests on the board, not its individual members.[40] Although it is unclear from the Complaint, a supervisor sued in his individual capacity is only liable if he actively participated in the constitutional deprivation or personally implemented a policy causing the alleged injury.[41]

**5. AUTHORITY SUPPORTING ABSTENTION:**

There is no doubt that a second filed state court action would abate here. Recently, the Mississippi Supreme Court reaffirmed the state court position on two (2) suits between the same parties over the same controversy being brought in courts of concurrent jurisdiction.[42] However, parallel state/federal actions require a much more detailed inquiry.[43] Movants

---

[40] Bruns v. Garber, 2007 U.S. Dist. LEXIS 28432, 2007 WL 1141503 *5 (S.D. Miss. April 17, 2007).

[41] Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). See also Rios v. City of Del Rio, 444 F. 3d 417, 425 (5th Cir. 2006) ("There is no vicarious or respondeat superior liability of supervisors under section 1983."). The supervisor must be personally involved in the alleged constitutional violation or otherwise have caused the violation. Id.

[42] Braswell v. Ergon Oil Purchasing, Inc., 2015 Miss. LEXIS 499 (Miss. Oct. 8, 2015)("'It is fundamental that a plaintiff is not authorized simply to ignore a prior action and bring a second, independent action on the same state [sic] of facts while the original action is pending.'") (Citing Long v. McKinney, 897 So. 2d 160, 172 (Miss. 2004).

[43] Id., note 4.

respectfully seek abstention here.

> **PREMISE:** Abstention applies '"where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."' See Wilton v. Seven Falls Co., 515 U.S. 277, 281 (1995).
>
> **FACT SUMMARY:** Plaintiff's tussle with her neighbor over a mobile home property line on January 16, 2014 was simply the most recent incident in a local dispute with which local authorities who are more familiar and equipped to handle efficiently and effectively. Plaintiff's prior filed state law claim reserved no federal question, relies upon the same facts, has the same parties, and seeks the same relief. No coercive relief is sought or would be available in either forum. A parallel federal[44] action would present a significant risk of inconsistent rulings and greatly increase costs to all involved.

### *(Colorado River)*

Abstention is a narrow exception to the court's duty to adjudicate a controversy in which it has proper jurisdiction. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). A district court should not abstain absent some important countervailing state interest. Id. at 814. The Colorado River doctrine only applies to parallel federal and state court actions which, though not necessarily identical, involve substantially the same issues and parties. Stewart v. W. Heritage Ins. Co., 438 F.3d 488, 491 (5th Cir. 2006).

Under Colorado River, there are six factors that courts must balance on a case-by-case basis to determine whether exceptional circumstances warrant abstention:

1) assumption by either court of jurisdiction over a res,

2) relative inconvenience of the forums,

---

[44] Actions are parallel are identified as those "involving the same parties and the same issues." 3 Exxon Corp. v. St. Paul Fire & Marine Ins. Co., 129 F.3d 781, 785 (5th Cir. 1997)(citing PPG Indus., Inc. v. Cont'l Oil Co., 478 F.2d 674, 682 (5th Cir. 1973) and Mendiola v. Hart, 561 F.2d 1207, 1208 (5th Cir. 1977) (per curiam)).

3) avoidance of piecemeal litigation,

4) the order in which jurisdiction was obtained by the concurrent forums,

5) to what extent federal law provides the rules of decision on the merits, and,

6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[45]

In the absence of any federal law question, abstention is still befitting only in rare and exceptional instances. Black Sea Inv., v. United Heritage Corp., 204 F.3d 647, 651 (5th Cir. 2000). Abstention is only favored by the fifth factor when there is a compelling reason not to exercise federal jurisdiction. Id. The sixth factor concerns protecting the rights of the party seeking a federal forum, and can only be neutral or weigh against abstention. Evanston, 844 F.2d at 1193. "The decision whether to dismiss a federal action because of parallel state court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."[46]

> **The first Colorado River factor** weighs in favor of abstention as the current controversy is a long-standing squabble over a property line in Calhoun County. This dispute has arisen in multiple Calhoun County venues. Plaintiff is clear to emphasize her position on the long standing boundary line dispute in both her federal and state complaints. Telling, however, is that the charges at issue in this suit have only been remanded to file. [47]

---

[45] Stewart v. W. Heritage Ins. Co., 438 F.3d 488, 491 (5th Cir. 2006).

[46] Moses H. Cone Mem. Hosp., 460 U.S. at 16.

[47] Rogers Group, Inc. v. WG Constr. Co., 2012 U.S. Dist. LEXIS 86040 (Mills)(When the federal and state courts have not retained jurisdiction over some real property, the Supreme Court and Fifth Circuit hold this first factor weighs against abstention. (Citing Stewart v. W. Heritage Ins. Co., 438 F.3d 488, 491 (5th Cir. 2006)).

**The second Colorado River factor** weighs in favor of abstention, as the property line dispute, jail, justice court, chancery court, sheriff, judges, and individual board members are more convenient to Calhoun County. The Plaintiff chose to add a significant number of local defendants who comprise multiple key positions within a governmental entity. All of these are approximately one-half hour closer to Oxford, one hour closer to Aberdeen, and two hours closer to Greenville.[48]

**The third Colorado River factor** weighs in favor of abstention, as Plaintiff's dispute with the judges, sheriff, and deputies is readily addressed under the MTCA. Simply adding the judges, sheriff, and deputies to the federal action will not remedy the problem, as those individual claims would almost certainly draw immunity motions and the mandatory stay under our federal local rules.[49]

**The fourth Colorado River factor** weighs in favor of abstention, as this Plaintiff chose to file first in state court with no reservation of federal claims. She began that process by hand delivering her Notice of Claim pursuant to *Miss. Code Ann.* §11-46-11 on January 16, 2015. Substantial progress has been made in preparation for Plaintiff's state law claims because of the Notice of Claim requirement. The Movants in this case have filed an appropriate motion in state court and are seeking an expedited hearing as soon as they can be heard. [50]

**The fifth Colorado River factor** favors abstention, as an earlier disposition of the state clams poses a high degree of probability for preclusion under the long standing authority.[51]

---

[48] The second factor is based on the doctrine of forum non conveniens, so the question is not which is more convenient for either party but whether the federal forum poses a great enough hardship to warrant abstention. Id. (citing Evanston Ins. Co. v. Jimco, Inc., 844 F.2d 1185, 1190-91 (5th Cir. 1988)).

[49] African Methodist Episcopal Church v. Lucien, 756 F.3d 788 (5th Cir. La. 2014)("If the federal action should continue unabated, the district court and the state court would each determine the same issues with respect to the same property. The risk of inconsistent rulings would therefore be very real.").

[50] Courts must consider the progression of both actions and not simply which one was first to be filed. Murphy v. Uncle Ben's Inc., 168 F.3d 734, 738 (5th Cir.1999)).

[51] This doctrine takes its name from two United States Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), and precludes a party that lost in state court from seeking review of the state judgment in federal district court. See Skinner v. Switzer, 562 U.S. 521, 131 S. Ct. 1289, 1297, 179 L. Ed. 2d 233

**The sixth Colorado River factor** again favors abstention because it is neutral at best. The direct assertions of the Plaintiff verify she was able to appeal with bond and secure a de novo appeal where the charges were remanded to file. There is no indication that Plaintiff would suffer from inadequate protection of its interests in a Mississippi Court. It is reasonable for a federal court to expect that a parallel state court forum will afford a fair opportunity to Plaintiff.

**NOW, THEREFORE,** Movants respectfully pray that:

1) That the Court dismiss the instant case pursuant to *Fed. R. Civ. Proc.* Rule 12 (b)(6);

2) That in the alternative, the Court dismiss the instant case via abstention; and,

3) That the Court grant such other relief, as may be warranted under the circumstances, including attorney fees and costs incurred via the instant motion under authority of *Fed. R. Civ. Proc*. Rule 11 and/or 42 U.S.C. §1988.

**RESPECTFULLY SUBMITTED** this 5th day of November, 2015.

                **MOVANTS**

By: */s/ Daniel J. Griffith*
     Daniel J. Griffith, MS Bar No. 8366
     Arthur H. Calderón , MS Bar No. 103917
     Attorney for Defendants

Of Counsel:

**GRIFFITH & CARR**
123 South Court Street
P. O. Drawer 1680
Cleveland, MS 38732
Phone No. 662-843-6100
Fax No. 662-843-8153
danny@griffithcarr.com

---

(2011).

<u>**CERTIFICATE OF SERVICE**</u>

    I, Daniel J. Griffith, attorney of record for Defendants, hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum in Support of Motion to Dismiss or Abstain* to be delivered VIA ECF FILING to all Counsel of Record.

    **DATED** this 5th day of November, 2015.

                                     */s/ Daniel J. Griffith*
                                       Daniel J. Griffith