IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

STELLA ELLIS                                                                                  PLAINTIFF

V.                                        CAUSE NO. 3:15-CV-123-MPM-SAA

KENNETH WHITE et al                                                DEFENDANTS

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
RESPONSE TO MOTION TO DISMISS OR ABSTAIN

    COMES NOW, Stella Ellis, by and through her attorneys of record, Preston Ray Garrett and Jesse M. McRight III of the law firm Garrett, Friday and Garner, PLLC, and respectfully submits this her supporting authorities that the instant case should not be dismissed pursuant to *Fed. R. Civ. Proc.* Rule 12(b)(6) or dismissed by abstention and in support thereof would show unto this honorable Court the following:

    1. BACKGROUND: This incident arises from the unlawful arrest and deprivation of constitutional rights which occurred in Calhoun County, Mississippi. Said incident was precipitated from a dispute between neighbors over a boundary line. On July, 22, 2015, Plaintiff filed suit in the Circuit Court of Calhoun County bringing said claims via the Mississippi Tort Claims Act. On July 28, 2015, Plaintiff filed the instant suit in the Northern District of Mississippi seeking actual and punitive damages pursuant to *42 U.S.C. § 1983* and attorney fees pursuant to *42 U.S.C. §1988*.

2. STANDARD

When considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim.[1]

3. AUTHORITY SUPPORTING DENIAL DISMISSAL

Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.[2] In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of §1983.[3] A claim on failure to train must amount to a deliberate indifference to the rights of persons with whom the untrained employees come into contact.[4] Such is the state of the instant case as permitting a warrantless arrest which was not witnessed and was without probable cause, a refusal to view exculpatory evidence, trying a suspect less than twenty-four hours after arrest, refusing to provide counsel after previously informing her that she would go to jail if she appeared in front of a particular judge again, and requiring her to sleep on the floor of an overcrowded cell for twenty-one (21) days constitutes deliberate indifference to the rights of the Plaintiff. Also, the harm caused in this matter was due to a deficient nature of administrative procedures.[5] And as such, none of the claims against any of the parties should be dismissed.

A. BOARD OF SUPERVISORS AND SHERIFF'S DEPARTMENT

---

[1] *McGehee v. Depoyster,* 708 So. 2d 77, 83 (Miss. 1998)
[2] *Connic v. Thompson,* 563 U.S. 51, 61 (2011)
[3] *Id.*
[4] *Id.*
[5] *Lewis v. Pugh,* 2007 U.S. Dist. LEXIS 34754, 19 (E.D. Tex., May 11, 2007).

The Calhoun County Board of Supervisors and Calhoun County Sheriff's Department are properly named as defendants as most of the Defendants are public servants who work in their official capacity for either the Board of Supervisors or Calhoun County Sheriff's Department. Pursuant to Brandon v. Holt, a judgment against a public servant in his official capacity imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond.[6] Both public entities received notice and have had an opportunity to respond. Therefore, each of the two entities may be held liable should the respective public servants be subject to liability.

    B.  COGNIZABLE CLAIMS

        i.  SHERIFF

The Plaintiff seeks to impose liability each of the Calhoun County Sheriff's Office deputies as three (3) deputies were dispatched to the residence of the Plaintiff and through either action or inaction caused her to be arrested without probable cause. Pursuant to the two-part inquiry used to determine qualified immunity, none of the defendants from the Calhoun County Sheriff's Office are entitled to qualified immunity.

The first prong of the test set forth in Saucier v. Katz requires a determination of whether the facts alleged are sufficient to make out a constitutional violation.[7] The Plaintiff was wrongfully arrested by officers who lacked probable cause to do so. Honorable Judge Gregory affirmed as much on appeal in stating that a different person would have gone to jail had the video recorded by the Plaintiff's security cameras been shown in Justice Court. The Plaintiff was a victim of an unreasonable seizure when she was arrested by individuals who did not witness the incident and refused to view exculpatory evidence upon being told she had a video of what happened.

---

[6] *Brandon v. Holt,* 469 U.S. 464, 471-472 (U.S. 1985).
[7] *Saucier v. Katz,* 533 U.S. 194, 201 (U.S. 2001).

The second prong of the test set forth in <u>Saucier v. Katz,</u> was the right at issue clearly established at the time of the alleged misconduct,[8] requires a two part analysis which includes a consideration of whether the conduct was objectively reasonable in light of then clearly established law.[9] The salient question is whether the state of the law at the time of an incident provided "fair warning" to the defendants.[10] In other words, would it be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.[11] The Plaintiff's right to protection from unreasonable searches and seizures was clearly established because courts adhere to the view that the umbrella of the fourth amendment…casts its protection solely over the pretrial events of a prosecution.[12] A fourth Amendment seizure occurs when there is governmental termination of freedom of movement through means intentionally applied.[13]

Moving to the second inquiry, in light of the facts available to the deputies, their conduct was objectively unreasonable in light of the clearly established law as well as the context of the unlawful arrest.[14] Firstly, Miss. Code Ann. §99-3-7(1) warrantless arrests require the indictable offense be committed or breach of the peace be threatened or attempted in his presence. Officer Kenneth White stated multiple times under oath that he did not witness the incident. Additionally, facts were brought to the attention of the deputies that Stella Ellis was in possession of exculpatory evidence which would she offered to show to them. In response to this request, the deputies refused to view said exculpatory evidence. Under clearly established

---

[8] *Id.*
[9] *Pearson v. Callahan,* 555 U.S. 223, 236. (U.S. 2009).
[10] *Tolan v. Cotton,* 134 S. Ct. 1861, 1865-1866 (U.S. 2014).
[11] *Id.*
[12] *Catellano,* 532 F. 3d 939, 959 (5th Cir. Tex 2003).
[13] *County of Sacramento v. Lewis,* 523 U.S. 833, 844 (U.S. 1998)
[14] *Whittington v. Maxwell,* 455 Fed. Appx. 450, 459 (5th Cir. La., 2011) (to a make a determination of whether an official acted in an objectively reasonable manner in the light of clearly established law, a court applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions.)

law as well as the factual context, the Plaintiff's Fourth Amendment rights were clearly established at the moment of the violation, and the conduct of the Defendants was clearly unreasonable.

    ii. JUDGES

 Judges Vance and Ferguson do not enjoy absolute immunity from Plaintiff's claims. Though judges enjoy absolute immunity for actions committed in their judicial capacity, certain rules exist which serve as a procedural bar to their jurisdiction over a particular matter. One of those bars is a deprivation of right to counsel as provided by the 6th amendment. Counsel is a prerequisite for jurisdiction in criminal cases when someone faces incarceration. Scott v. Illinois provides that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense.[15] But, conviction of an uncounseled criminal defendant is permissible so long as the defendant is not sentenced to a term of imprisonment.[16] When a judge manifests an intention to sentence a defendant to a term of imprisonment, as occurred in the present case, said defendant then becomes entitled to counsel. "If the accused, however, is not represented by counsel…the Sixth Amendment serves as a jurisdictional bar to a valid conviction and sentence."[17] Further, Judge Vance clearly violated Plaintiffs due process rights by not affording her time to prepare for trial and convicting her less than twenty-four (24) hours after being unlawfully arrest and refusing to allow her to gather her evidence.[18] This should also serve as a jurisdictional bar in the present matter to overcome immunity.

---

[15] *Scott v. Illinois,* 404 U.S. 367, 373-374 (U.S. 1979)
[16] *United States v. Eckford,* 910 F.2d 216, 218 (5th Cir. Miss. 1990)
[17] *United States v. Maria-Martinez,* 143 F. 3d 914, 918 (5th Cir. Tex. 1998) citing *Johnson v. Zerbst*, 304 U.S. 458, 467 (1937).
[18] *Cruthirds v. State,* 190 Miss. 892, 897 (Miss. 1941) ("A judicial trial becomes a farce, a mere burlesque, and in serious cases a most gruesome one at that, when a person is hurried into trial upon an

Further neither Judge Vance nor Judge Ferguson are entitled to immunity as an independent intermediary. Under the Franks exception, a plaintiff is required to show that a defendant knowingly or reckless omitted exculpatory evidence from the affidavit submitted in support of the warrant application, and that the warrant would not have established probable cause if the omitted information had been included in the affidavits.[19] The arrest warrant was tainted by a knowing and / or reckless omission in that the Defendants failed to include exculpatory evidence, which they refused to view, in warrant which later resulted in Stella Ellis being cleared of all charges. Further the proceedings in Justice Court of Calhoun County were tainted by a materially false omission in that Judge Vance omitted the presentation and entry of the video which later cleared Stella Ellis of all charges from the proceedings. As such, neither Judge Vance nor Ferguson are entitled to immunity on the basis of an intermediary.

### iii. SUPERVISORS

In this case, the individually, named supervisors are not entitled to qualified immunity. To begin with, supervisory liability under section 1983 has been imposed if officials permit systematic maladministration of the laws.[20] Although not authorized by written law, such practices could well be so permanent and well settled as to constitute custom or usage with the force of law.[21] The facts of the present case present a situation characterized by the systematic maladministration of the laws. Sheriff's Department officers were permitted to tell a citizen of Calhoun County to quit calling to report offenses and arrest a defendant without probable cause.

---

indictment charging him with a high crime, without permitting him the privilege of examining the charge and time for preparing this defense. It is unnecessary to dwell upon the seriousness of such an error; it strikes at the root and base of constitutional liberties; it makes for a deprivation of liberty or life without due process of law; it destroys confidence in the institutions of free America and brings our very government into dispute.")

[19] *Strickland v. City of Crenshaw,* 2015 U.S. Dist. LEXIS 96478, 11-12 (N.D. Miss. July 20, 2015).
[20] *Bennett v. City of Slidell,* 728 F.2d 762, 768 (5th Cir. 1984).
[21] *Adickes v. S.H. Kress & Co.,* 90 S. Ct. 1598, 1613-1614 (U.S. 1970)

Justice Court Judges were permitted to act outside of the scope of their authority and jurisdiction. A Justice Court Judge was permitted to behave in a manner prejudicial towards a defendant by threatening to and subsequently sending her to jail. The behavior of the defendants was unconstitutional, prejudicial, and characteristic of a conspiracy against Stella Ellis and is evidentiary of the maladministration of the laws of the state of Mississippi. The systematic maladministration of the laws constitutes custom and should deprive each of the individually named supervisors of immunity.

  C.  ABSTENTION

Pursuant to the Colorado River doctrine, concurrent suits in this matter do not abate. When considering abstention, the court's duty is not to find a compelling reason which justifies proper jurisdiction. Rather, in considering abstention, it is the court's duty to determine whether or not the facts of the two (2) concurrent and parallel suits justify the court not asserting jurisdiction. Pursuant to the rule in Black Sea Inv., v. United Heritage Corp. and the six factor test provided in *Colorado River Water Conservation Dist. V. United States*, this honorable Court should not abstain in the case sub judice.

This matter should not be dismissed by abstention as this case concerns a federal law question. The case was brought before this honorable Court on the basis of federal question jurisdiction. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.[22] As pled in the Complaint filed by the Plaintiff, this case involves the violation of the Plaintiff's Constitutional rights. Therefore, abstention is not appropriate in this matter pursuant to Black Sea Inv., v. United Heritage Corp.

---

[22] *28 U.S.C.S. §1331*.

in which the Fifth Circuit Court of Appeals held abstention only applies in the absence of a federal law question, and even then, only in rare and exceptions circumstances.[23]

Even if abstention could still apply, the present case fails to qualify as a rare and exceptional circumstance as determined by the six (6) factor test provided in Colorado River. Though the six factors must requiring balancing based upon how they apply to a given case,[24] in the context of the present case, the six factors weigh heavily in favor of the exercise of jurisdiction.

> The first Colorado River factor, **assumption by either court of jurisdiction over a res**, weighs in favor of exercising jurisdiction as the current controversy is brought in personam, not in rem, in both state and federal court.[25] Defendants are incorrect in stating that the present controversy is a squabble over property lines. The case sub judice is a squabble not over property rights but of a deprivation of the constitutional rights of one person by numerous other people acting under color of state law.[26] Further, the outcome of either case will have no effect on the property. Neither this nor the state court has asserted jurisdiction over the res.[27] This factor weighs against abstention.

> The second Colorado River factor, **relative inconvenience of the forums**, weighs in favor of exercising jurisdiction. The question, pursuant to the second factor, is whether the inconvenience of the federal forum is so great that this points toward abstention.[28] In the present case, it does not. Pursuant to Nolan v. Boeing Co. "a forum is suitable and convenient when the entire case and all parties come within the jurisdiction of that forum."[29] The events serving as the basis for the case sub judice occurred in within this forum, and all parties are located in this forum. Further, when federal and state courts are located in close proximity within the state, this factor weigh against abstention.[30] Pursuant to this rule, the forum is convenient, and this factor weighs against abstention.

---

[23] *Black Sea Inv., v. United Heritage Corp.,* 204 F.3d 647, 651 (5th Cir. 2000).
[24] *Moses H. Cone, Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983).
[25] *Koehring Co. v. Hyde Constr. Co.,* 178 So.2d 838, 844 (Miss. 1965) (in all cases where the federal action is in personam or partly so, even though it includes in rem issues which partly overlap the prior jurisdiction of state courts, the federal court should proceed to grant any relief appropriate under the pleadings which will not interfere with the specific properties which have been brought within the jurisdiction of the state courts.

[27] *Citibank, N.A. v. Data Lease Financial. Corp.,* 645 F.2d 333 (5th Cir. Fla.)(Where the state court action is in personam, there is no objection to the federal court's exercise of either in rem or in personam jurisdiction over an action involving the same property); Murphy 168 F. 3d 734, 738 (neither assumed jurisdiction over the res. in the case.
[28] *Moses Cone,* 460 U.S. at 15.
[29] *Nolan v. Boeing Co.,* 919 F. 2d 1058, 1070 (5th Cir. 1990)
[30] *Am. Family Life Assur. Co. V. Anderson,* 2000 U.S. App LEXIS 39905, 6 (5th Cir. Miss. July 27, 2000)

The third Colorado River factor, **the avoidance of piecemeal litigation**, weighs in favor of exercising jurisdiction. The real concern at the heart of this factor is the avoidance of piecemeal litigation and the danger of inconsistent rulings with respect to a piece of property.[31] When no court has assumed jurisdiction over a disputed res, there is not such danger.[32] Neither the state or federal court proceedings involve a ruling with respect to property. When there is no danger of inconsistent rulings affecting property ownership, avoidance of piecemeal litigation does not weigh in favor of abstention.[33] The present cases are more of an issue of duplicative litigation, which is a necessary cost of our nation's maintenance of two (2) separate and distinct judicial systems possessed of frequently overlapping jurisdiction.[34] Duplicative litigation is not a factor to be considered in abstention.[35] This factor weighs against abstention.

The fourth Colorado River factor, **the order in which jurisdiction was obtained by the concurrent forums**, weighs in favor of exercising jurisdiction. Relative to this factor, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two (2) actions.[36] Both state and federal suits are proceedings at approximately the same pace. A *Complaint* has been filed in both cases and a *Motion to Dismiss* has been filed in both cases. This factor, therefore, weighs against abstention.[37]

The fifth Colorado River factor, **to what extent federal law provides the rules of decision on the merits**, weighs in favor of exercising jurisdiction. To begin with, even if state law predominated in this case, the presence of state law weighs in favor of surrender only in rare circumstances.[38] However, this case involves the interpretation and enforcement of federally created constitutional rights. When Mississippi courts enforce federally created rights, they must follow the federal interpretation of those rights.[39] As such, federal law provides the rules to render a decision on the merits of this case, and this factor weighs against abstention.

The sixth Colorado River factor, **the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction**, weighs in favor of exercising jurisdiction. Remanding charges to file serve as no remedy for violation of due process, right to remain silent, right to counsel, right to compulsory process, etc. This factor, by law, may only be neutral at best. However, remanding charges to file serve as no protection for constitutional rights. This factor weighs against abstention.

---

[31] *Black Sea Inv., Ltd. v. United Heritage Crop.,* 204 F.3d 647, 650-651 (5th Cir. Tex. 2000)
[32] *Id.*
[33] *Evanston Ins. Co. v. Jimco, Inc.,* 844 F.2d 1185, 1192 (5th Cir. La. 1988)
[34] *Black Sea* at 650.
[35] *Evanston,* at 1192.
[36] *Moses Cone*, at 21.
[37] *Black Sea,* at 651.
[38] *Evanston,* at 1193.
[39] *Black v. N. Panola Scho. Dist.,* 461 F.3d 584, 594-595 (5th Cir. Miss. 2006)

WHEREFORE, PREMISES CONSIDERED, Stella Ellis respectfully prays that this honorable Court deny Defendants' Motion to Dismiss or Abstain and grant such other relief as may be awarded under the circumstances, including court costs and attorney's fees incurred in responding to the instant motion.

RESPECTFULLY SUBMITTED this the 16th day of November, 2015.

        STELLA ELLIS

        /s/Jesse M. McRight III
        PRESTON RAY GARRETT (10186)
        JESSE M. MCRIGHT III (104518)
        Attorneys for Plaintiff

CERTIFICATE OF SERVICE

    I, Preston Ray Garrett and Jesse M. McRight III, attorneys of record for Stella Ellis, hereby certify that I have this day caused a true and correct copy of the above and foregoing Memorandum of Authorities in Support of Response to Motion to Dismiss or Abstain to be dlievered VIA ECT FILOING to all Counsel of Record.

    DATED this the 16th day of November, 2015.

                                        <u>/s/Jesse M. McRight III</u>
                                        PRESTON RAY GARRETT (10186)
                                        JESSE M. MCRIGHT III (104518)
                                        Attorneys for Plaintiff